**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **EVGENII LOBENKO #A240-755-212** | **CASE NO. 1:26-CV-03154 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN LASALLE I C E PROCESSING CENTER ET AL** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM ORDER

Before the Court is "Petitioner's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction" (Doc. 2).

## BACKGROUND

Petitioner, Evgenii Lobenko, is a native and citizen of Russia; he was living in Madison, Alabama when he was arrested on December 8, 2025. Petitioner filed an application for asylum and withholding of removal with the United States Citizenship and Immigration Services ("USCIS").

Petitioner filed a Notice of Appeal on June 5, 2026, with the Board of Immigration Appeals ("BIA"), which is currently pending.

## LAW AND ANALYSIS

Petitioner requests that he be immediately released because he is being held without an individualized bond hearing and he is not a flight risk. In the alternative, Petitioner also requests that he be granted an individualized bond hearing, and that Respondents be enjoined and restrained from transferring Petitioner outside the jurisdiction of the Western District of Louisiana. Petitioner also requests reasonable attorney fees, costs and expenses.

A party seeking a temporary restraining order or preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

First, there is no affidavit attached or a verified complaint that clearly shows that immediate and irreparable injury, loss, or damage will result to Petitioner before the adverse party can be heard in opposition. Additionally, Petitioner has not certified in writing of any efforts made to give notice and why it should not be required. As such, the requirements of Rule 65 have not been met.

Additionally, Petitioner does not need to be physically present in this judicial district to obtain relief. Jurisdiction attaches when a habeas petition is filed, and it is not destroyed by a subsequent transfer or custodial change. See *McClure v. Hopper*, 577 F.2d 938, 939-

40 (5th Cir. 1978) *cert. denied*, 439 U.S. 1077 (1979). And courts routinely adjudicate § 2241 petitions on the briefs, without the need for in-person hearings, and without a petitioner's physical presence in a nearby facility. Substantively, claims regarding prison transfers are generally not cognizable under § 2241. See *Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006). (claim not cognizable under § 2241because prisoners lack a constitutionally protected interest where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243-44 (3d Cir. 2008)) (district court lacked jurisdiction over a § 2241petition that challenged a transfer). Petitioner has no protected liberty interest in being housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F.App'x 767 (5th Cir. 2005) citing *Yates v. Stalder* , 217 F.3d 332,334 (5th Cir. 2000)).

## CONCLUSION

Petitioner's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 2) contains bare-bones allegations that do not suggest that he faces any immediate irreparable injury, loss, or damage. Significantly, it provides no legal justification for a temporary restraining order. And finally, Petitioner fails to meet the requirements of Rule 65 of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that Petitioner's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction" (Doc. 2) is **DENIED;**

**THUS DONE AND SIGNED** in chambers on this 8th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**